<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **SUN CHEMICAL CORPORATION,** | : | |
| | : | **Civil Action No. 13-4069 (ES)** |
| **Plaintiff,** | : | |
| | : | **MEMORANDUM** |
| **v.** | : | **OPINION & ORDER** |
| | : | |
| **FIKE CORPORATION and SUPPRESSION** | : | |
| **SYSTEMS INCORPORATED,** | : | |
| | : | |
| **Defendants.** | : | |

**SALAS, DISTRICT JUDGE**

## I.        INTRODUCTION

This matter comes before the Court upon Defendants' motion for reconsideration of United States District Judge Faith S. Hochberg's denial of their motion to dismiss.  (D.E. No. 74).  The Court has reviewed the submissions of the parties and considers the motions without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Court denies Defendants' motion.

## II.        FACTUAL & PROCEDURAL BACKGROUND[1]

The U.S. Ink Division of Plaintiff Sun Chemical Corporation ("Sun") operates an ink manufacturing facility located in East Rutherford, New Jersey.  Defendants Fike Corporation and Suppression Systems, Inc. (collectively "SSI") market and install fire explosion and protection systems.  Sun purchased an explosion suppression/isolation system from SSI in May 2012, the

---

[1] The Court provides the background of this action in summary fashion because Judge Hochberg provided the relevant factual and procedural background in the underlying opinion.  (*See* D.E. No. 71, March 2, 2015 Opinion & Order ("3/2/15 Op.") at 1–3).

installation of which was finished by October 1, 2012.  On October 9, 2012, a fire and explosion allegedly injured several workers and damaged the facility.

On July 1, 2013, Sun filed a complaint against SSI seeking recovery under the New Jersey Consumer Fraud Act ("CFA"), essentially arguing that "the Fike system purchased by Sun failed to deliver the results promised by Fike and SSI."  (*See* D.E. No. 1, Complaint ¶ 59).  Sun seeks compensatory, incidental, consequential, and treble damages and the cost of suit, attorneys' fees, and expert witness fees.  (*Id.* at 16).  On March 14, 2014, SSI filed a second amended motion to dismiss, arguing that Sun's CFA claim was subsumed by the New Jersey Products Liability Act ("PLA").  (*See* D.E. No. 31).  Judge Hochberg denied SSI's Second Amended Motion to Dismiss on March 2, 2015, concluding that

> there are sufficient allegations that the harm allegedly suffered by Plaintiff was representation based. . . . At this stage, Plaintiffs do not allege that Defendant's product was flawed or defective; that Defendant failed to warn Plaintiff regarding a particular danger; or that Defendant's product was improperly designed.  Taking the facts as pled in the Complaint as true for the purposes of a motion to dismiss and giving Plaintiff the benefit of all favorable inference, the Court cannot say as a matter of law that the "essential nature" of Plaintiff's claim is products liability, particularly where Plaintiff was careful to not allege that the product "contained a manufactured defect, failed to contain adequate warnings or instructions, or was designed in a defected manner."  Nor can the Court determine, based on the pleadings, that "the core issue is the harmfulness of the product," as distinguished from representations regarding its suitability, installation, or testing.  However, discovery may reveal that the real issue is a "defect inherent in the product," rather that Defendants' alleged representations regarding the product.  As such, whether Plaintiff's claim is for "harm caused by a product" will be tested at summary judgment.

(3/2/15 Op. at 8–9) (citations omitted).

On March 13, 2015, SSI filed a motion for reconsideration of Judge Hochberg's March 2, 2015 Opinion and Order, contending that Judge Hochberg committed clear errors of law.  (*See* D.E. No. 74-1, Defendant, Fike Corporation and Suppression Systems Inc.'s Brief in Support of

the Motion for Reconsideration ("SSI Br.")).  On the same day, the case was transferred to the undersigned.  (D.E. No. 75).  Sun filed opposition on March 23, 2015.  (D.E. No. 76, Plaintiff Sun Chemical Corporation's Brief in Opposition ("Sun Br.")).  The motion is now ripe for consideration.

### III.    STANDARD OF REVIEW

Local Civil Rule 7.1(i) governs motions for reconsideration in this District.  It requires a movant to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."   L.Civ.R. 7.1(i).  To prevail on a motion for reconsideration, the movant must show at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (citations omitted).

"To prevail under the third prong, the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'"  *Mason v. Sebelius*, No. 11-2370, 2012 WL 3133801, at *2 (D.N.J. July 31, 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)).  But the "fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration."  *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *3 (D.N.J. July 21, 2011).

In other words, reconsideration is not warranted where "(1) the movant simply repeats the cases and arguments previously analyzed by the court; or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision."  *CPS MedManagement LLC v.*

*Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 167–68 (D.N.J. 2013) (internal citations omitted). "Unless a court has truly failed to consider pertinent authorities or evidence that could not with reasonable diligence have been presented earlier, a motion to reconsider a decision (even one that may contain an error) is generally futile." *Id.* at 168. Indeed, reconsideration of a decision is an "extraordinary remedy," which should be granted "very sparingly." *Friedman v. Bank of Am., N.A.*, No. 09-2214, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012).

## IV.    DISCUSSION

SSI argues that the Court committed clear error of law when denying the motion to dismiss by applying the wrong legal standard and failing to appropriately apply the law on subsuming CFA claims into the PLA. (SSI Br. at 5–7). Sun counters that SSI has not met its burden for reconsideration and merely rehashes the same arguments already presented to the Court. (Sun Br. at 4–9). Because the Court believes that Judge Hochberg utilized the appropriate legal standard and properly considered and applied the law on subsuming CFA claims into the PLA, the Court denies SSI's motion for reconsideration.

First, SSI contends that the Court applied "the wrong standard of review" in determining Fike and SSI's motion to dismiss because the Court held that it "cannot say *as a matter of law* that the 'essential nature' of Plaintiff's claim is products liability . . . ." (SSI Br. at 5 (quoting (3/2/15 Op. at 8) (emphasis added)). SSI argues that the Court committed clear error law by erroneously applying the standard for deciding motions for summary judgment under Rule 56 instead of the standard for deciding motions to dismiss under Rule 12(b)(6) as interpreted by *Iqbal*[2] and *Twombly*.[3] (*Id.*).

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2009).

4

The Court does not agree with SSI.  As correctly pointed out by Sun, there is a vital distinction between proof issues at the summary judgment stage and pleading issues at the motion to dismiss stage, both of which incorporate the "as a matter of law" standard.  (Sun Br. at 5). Indeed, "[i]n a Rule 12(b)(6) motion, the court evaluates the merits of the claims by accepting all allegations in the complaint as true, viewing them in the light most favorable to the plaintiffs, and determining *whether they state a claim as a matter of law*."  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (quoting *Gould Elec. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000) (emphasis added)).  Judge Hochberg clearly applied this standard:

> Taking the facts as pled in the Complaint as true for the purposes of a motion to dismiss and giving Plaintiff the benefit of all favorable inference, the Court cannot say as a matter of law that the "essential nature" of Plaintiff's claim is products liability, particularly where Plaintiff was careful to not allege that the product "contained a manufactured defect, failed to contain adequate warnings or instructions, or was designed in a defected manner."

(3/12/15 Op. at 8).  The Court finds that Judge Hochberg did not commit clear error of law in the application of the legal standard.

Second, SSI argues that Judge Hochberg failed to consider the "totality" of Sun's allegations and "essential nature" of its claim.  (SSI Br. at 5–6).  SSI contends that Judge Hochberg "erroneously overemphasized Plaintiff's selective allegations" which "avoided the use of product liability language."  (*Id.*).  Sun disagrees and contends that Judge Hochberg expressly addressed whether the "core issue" of Sun's claim is products liability and that SSI merely disagrees with Judge Hochberg's conclusion.  (Sun Br. at 6–7).

The Court agrees with Sun.  Judge Hochberg set forth the relevant case law and examined the interaction between the PLA and CFA, highlighting when subsumption was appropriate.  (*See* 3/12/15 Op. at 4–8).  Judge Hochberg explicitly noted that "[a] claim will not survive [i.e., avoid

subsumption] merely because it is labeled as 'representation-based' if the core of the issue is, in fact, the danger inherent in a product." (*Id.* at 7). Applying the law to Sun's pleading, Judge Hochberg determined that "there are sufficient allegations that the harm allegedly suffered by Plaintiff was representation based." (*Id.* at 8). There is no indication that Judge Hochberg "overemphasized" the lack of product liability language in Sun's complaint in reaching her conclusion, as SSI contends; rather, it appears that the pleading was properly considered in analyzing the totality and essential nature of Sun's claim.

Regardless, SSI raises the exact same cases and arguments here as it did before Judge Hochberg—specifically, that artful pleading is not enough to avoid subsumption—in an apparent effort to relitigate a decision with which it disagrees. But it is clear that reconsideration is not warranted where "(1) the movant simply repeats the cases and arguments previously analyzed by the court; or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision." *CPS MedManagement*, 940 F. Supp. 2d at 167–68 (internal citations omitted). Thus, the Court finds that SSI has not met its burden in this regard.

Finally, SSI argues that three cases relied upon by Judge Hochberg are distinguishable from the present case and that the Court therefore "lacked a basis for arriving at its erroneous conclusion." (SSI Br. at 6–7). In particular, SSI points to the three cases cited by Judge Hochberg in support of the following: "[D]iscovery may reveal that the real issue is a 'defect inherent in the product,' rather that [sic] Defendants' alleged representations regarding the product. As such, whether Plaintiff's claim is for 'harm caused by a product' will be tested at summary judgment." (3/12/15 Op. at 9 (citing *Francis E. Parker Mem'l Home, Inc. v. Georgia-Pac. LLC*, 945 F. Supp. 2d 543, 554 (D.N.J. 2013); *Worrell v. Elliott & Frantz*, 799 F. Supp. 2d 343, 352 (D.N.J. 2011);

6

*Thomas v. Ford Motor Co.*, 70 F. Supp. 2d 521, 530-31 (D.N.J. 1999)). Sun claims that the alleged "distinctions" are "entirely superficial, and should have no bearing on the Court's analysis." (Sun Br. at 8).

The Court does not determine that Judge Hochberg lacked a basis for her holding because none of the cases at issue are meaningfully distinguishable. First, *Parker* actually confirms that a CFA claim can survive subsumption even when plead alongside a claim under the PLA. Second, even though *Worrell* and *Thomas* did not involve CFA claims, the key inquiry is the same: the Court must determine the "totality" and "essential nature" of the underlying claim. It is not clear how Sun's failure to plead a claim under the PLA, or how pleading a claim other than CFA, changes the "essential nature" subsumption analysis. In short, SSI has not persuaded the Court that the cases are meaningfully distinguishable let alone that Judge Hochberg lacked a basis for her holding or that it was in clear error of the law.

## V.   CONCLUSION

Mindful that reconsideration of a decision is an "extraordinary remedy," which should be granted "very sparingly," *Friedman*, 2012 WL 3146875, at *2, the Court concludes that SSI has failed to demonstrate the need to correct a clear error of law to prevent manifest injustice.

Accordingly, it is on this 25th day of June 2015,

**ORDERED** that Plaintiff's motion for reconsideration, (D.E. No. 74), is hereby denied.


*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

7