# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

SUN CHEMICAL CORPORATION,

                PLAINTIFF,

    vs.

FIKE CORPORATION and SUPPRESSION
SYSTEMS INCORPORATED,

              DEFENDANTS.

Civil Action No. 2:13-cv-04069-JMV-MF

---

**DEFENDANTS, FIKE CORPORATION AND SUPPRESSION SYSTEMS INC.'S, BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE THE OPINIONS OF STEVE ARNDT RETURNABLE JANUARY 3, 2017**

---

Submitted by
REILLY, JANICZEK, MCDEVITT,
HENRICH & CHOLDEN, P.C.
Kevon Office Center
2500 McClellan Boulevard, Suite 240
Merchantville, New Jersey 08109
(856) 317-7180
Attorneys for Defendants, Fike Corporation
and Suppression Systems Inc.

# TABLE OF CONTENTS

I.      INTRODUCTION................................................................................1

II.     LEGAL ARGUMENT........................................................................3

     a.   Standard of Review..................................................................3

     b.   Steve Arndt's Report and Testimony Satisfy the Requirements Under Rule of Evidence 702 and are Admissible.....................................................4

         i.   Steve Arndt is Qualified to Address Plaintiff's Position and His Report and Testimony Are Admissible .......................................................6

        ii.   Steve Arndt's Opinions are Entirely Relevant to Plaintiff's Claims and Are Admissible ...........................................................................9

       iii.   Steve Arndt's Opinions and Testimony Take Into Account All Relevant Facts and Challenges to His Opinion Are More Appropriate Through Cross-Examination Than Exclusion......................................................10

III.    CONCLUSION..............................................................................11

# TABLE OF AUTHORITIES

**CASES**                                                                                   *Page*

*Beech Aircraft Corp. v. Rainey*
    488 U.S. 153, 169 (U.S. 1988) ...................................................................................8

*Bossland v. Warnock Dodge, Inc.*
    197 N.J. 543, 558 (2009)…...................................................................................2

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*
    509 U.S. 579 (1993)......................................................................................passim

*In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Products Liability Litigation*
    No. 3:11-cv-03590-K, 2014 U.S. Dist. LEXIS 97798, (USDC, No. TX).....................................4

*In re Paoli R.R. Yard PCB Litig.*
    35 F.3d 717, 741-43 (3d Cir. 1994)...........................................................................3

*Lyman v. Pfizer, Inc.*
    No. 2:09-cv-262, 2012 U.S. Dist. LEXIS 101150 (D. Vt. July 20, 2012)…...........................9

*McCovey v. Baxter Health Care Corp.*
    298 F.3d 1253, 1256 (11th Cir. 2002) ......................................................................3

*McCullock v. H.B. Fuller Co.*
    61 F.3d 1038, 1044 (2d Cir. 1995) ..........................................................................9

*Milanowicz v. Raymond Corp.*
    148 *F. Supp. 2d* 525, 530-31 (D.N.J. 2001)...............................................................3

*Omeprazole Patent Litig.*
    490 F. Supp. 2d 391, 412 (S.D.N.Y. 2007) ..............................................................9

*Primrose Operating Co. v. National American Insurance Co*...........................................4
    382 F.3d 546, 562 (5th Cir. 2004)

*Thiedemann v. Mercedez-Benz USA, LLC*
    183 N.J. 234 (2005) …...........................................................................................2

*United States v. Green*
    2016 U.S. App. Lexis 20534, 15-16 (3d Cir. Pa. November 16, 2016) ...........................8

*U.S. v. Coles*
    558 F.2d App. 173 (3d Cir. PA 2014)......................................................................8

*Washington v. Kellwood Co.*
    105 F. Supp. 3d 293 (S.D.N.Y. 2015) .........................................................................7,9,11

*Wattle v. Barko Hydraulics LLC*
    107 Fed. Appx. 396, 398 (5th Cir. 2004) ……...................................................................4

**OTHER AUTHORITIES**

Fed. R. Evid. 702............................................................................................................passim

Fed. R. Evid. 704(b) ..............................................................................................................8

N.J.S.A. § 56:8-2, *et seq.*.......................................................................................................2

## I.   __INTRODUCTION__

Plaintiff moves to exclude the expert report and testimony of Steve Arndt, PhD, CHFP.
Pursuant to the Federal Rules of Evidence 702, Mr. Arndt's expert opinion and testimony are
entirely appropriate as they will aid the trier in fact in the search for truth should the case survive
summary judgment. Fed. R. Evid. 702.

Mr. Arndt's August 29, 2016 report was served in direct response to Plaintiff's report of
Timothy Myers dated June 29, 2016.  Dr. Myers, among other things in his report, discusses his
perceived inadequacies of the Fike buzzer system and he discusses the reactions of the Sun
employees to the Piezo buzzer found on the Fike system.  Those conclusions within Dr. Myers'
report refer to an October 9, 2012 fire and explosion that occurred at the Sun facility in East
Rutherford, New Jersey.   (In an effort to save the Court the unnecessary reproduction of paper,
Defendants will refer to Plaintiff's exhibits attached to their Motion to Strike Steve Arndt
previously submitted where appropriate (Dkt. 139).  If an exhibit is not attached to Plaintiff's
Motion, Defendants will attach a copy hereto).  (For reference, Dr. Myers' report can be found at
Exhibit "4" attached to Plaintiff's Motion and we refer the Court to conclusions 2.5 and 2.6
found within Dr. Myers' report pages 12-14).[1]  In discussing the reactions of the Sun workers to
the alarms and the warnings, Dr. Myers offers conclusions with regard to what he perceives to be
reasonable reactions. *Id.*  Dr. Arndt offers contradictory opinions with regard to the human
reactions of the Sun employees to the buzzer present on the Fike equipment based on his
expertise in human factors.  (Please see Exhibit "1" in Plaintiff's Motion to  Strike Dr. Arndt's
report and conclusions).

Dr. Arndt also offers opinions with regard to the Fike marketing and promotional

---

[1] Dr. Myers erroneously identifies these sections as 3.5 and 3.6 in his Table of Contents, but
within his actual report, the sections are identified as sections 2.5 and 2.6.

materials which directly respond to Plaintiff's claims as filed under the New Jersey Consumer

Fraud Act. N.J.S.A. § 56:8-2, *et seq.* (hereinafter referred to as "NJCFA").   Further, in his

report, Dr. Arndt addresses the communications and beliefs of both the merchant and the buyer

as part of his analysis of human factors. (Please see Exhibit "1" to Plaintiff's Motion to Strike).

Plaintiff brought suit against Defendants under the NJCFA. N.J.S.A. § 56:8-2, *et seq.*

The NJCFA requires Plaintiff prove ascertainable loss, more clearly identified as "a definite,

certain and measurable loss, rather than one that is merely theoretical." *Bossland v. Warnock

Dodge, Inc.*, 197 N.J. 543, 558 (2009).   When a party files a consumer fraud action, that party

must prove that an "ascertainable loss" of money or property to be able to survive a summary

judgment challenge. *Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234 (2005).   As the

conclusions, opinions and testimony of Dr. Arndt are in direct relation to Plaintiff's claims in

their Complaint and the claims of their experts, Dr. Arndt's report and testimony are entirely

relevant and should be considered by a trier of fact should the matter survive summary judgment.

Plaintiff has submitted the report of Timothy Myers and his opinions include that the Fike

alarm system was inadequate and the buzzer was insufficient to warn the employees of an

impending incident.   In response to those opinions, Defendants filed the report of Steve Arndt to

discuss the behaviors, decision making and perceptions of the Sun employees with regard to the

alarm.   Additionally, Dr. Myers offered opinions on the Fike marketing brochures and their

impact in Sun's case.   As a human factors expert, Dr. Arndt is uniquely qualified to render an

opinion contradicting the conclusions of Dr. Myers with regard to the marketing materials.   As

such, Defendants file this Opposition to Plaintiff's Motion to Strike the report and testimony of

Dr. Arndt.   As more fully explained in the accompanying brief, Dr. Arndt is adequately qualified

to render his opinions which contain sound and supportable conclusions appropriate for a jury's

consideration should the case survive summary judgment.

## II.    LEGAL ARGUMENT

### a.  Standard of Review

The standard established by the United State Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993), governs admissibility of expert opinions at trial. *Daubert* directs district courts to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. As amended in response to *Daubert* and its substantial progeny, Federal Rule of Evidence 702, provides that expert opinions are admissible when the witness has necessary "knowledge, skill, experience, training or education" to provide a competent opinion.  An expert may offer an opinion if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of facts to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702(a)-(d)."   The admissibility standard is satisfied by a preponderance of the evidence. *McCovey v. Baxter Health Care Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002).

As configured in the Third Circuit, *Daubert* compels a three-part analysis: (1) qualifications -- whether the expert is qualified to speak with authority on the subject at issue; (2) reliability -- whether the expert's methodology is sound and whether his or her opinion is supported by "good grounds;" and (3) fit -- whether there is a relevant "connection between the scientific research or test result to be presented and particular disputed factual issues in the case." *Milanowicz v. Raymond Corp.*, 148 *F. Supp. 2d* 525, 530-31 (D.N.J. 2001) (Citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741-43 (3d Cir. 1994)).

3

Sun attacks Mr. Arndt's opinion because it disagrees with his conclusion and lists examples of challenges that are more appropriately addressed through cross examination rather than outright exclusion.   The expert's opinions do not have to be either infallible or uncontradicted to be admissible; the question of whether the expert's opinions are correct is reserved for the fact finder. *Wattle v. Barko Hydraulics LLC*, 107 Fed. Appx. 396, 398 (5th Cir. 2004). *Daubert* makes clear that the appropriate means of attacking admissible, albeit shaky, evidence is through vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof. *Daubert*, 509 U.S. at 596; *see also Primrose Operating Co. v. National American Insurance Co.*, 382 F.3d 546, 562 (5th Cir. 2004) ("It is the role of the adversarial system, not the court, to highlight weak evidence . . ."). *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Products Liability Litigation*, No. 3:11-cv-03590-K, 2014 U.S. Dist. LEXIS 97798, (USDC, No. TX).

Steve Arndt's report and testimony is admissible and should be presented to a jury.

**b. Steve Arndt's Report and Testimony Satisfy the Requirements Under Rule of Evidence 702 and are Admissible**

Plaintiff argues that Dr. Arndt's opinions and testimony should be excluded from this case.  Plaintiff takes the position that Dr. Arndt's opinions and testimony are outside the scope of his expertise.

Dr. Arndt is a human factors expert.  He is also an industrial engineer.  The focus of his practice is human factors, human performance and ergonomics associated with industrial occupational safety.  (Please see a true a correct copy of Dr. Arndt's Curriculum Vitae attached hereto as "Exhibit "A").  In his experience of over twenty years of providing expert witness analysis, Dr. Arndt has never been denied qualification as a human factors expert by a court of law.  (See relevant portions of Dr. Arndt's testimony attached hereto as Exhibit "B" at page 84,

lines 16-20; page 46 lines 7-9).   Based on his experience and qualifications, Dr. Arndt is adequately qualified to render an opinion in this matter.

Plaintiff issued a report authored by Timothy Myers in support of their claims.   Dr. Myers, in his report and subsequent deposition testimony, discussed the promotional materials of Fike and his opinion regarding the adequacy of the Piezo buzzer attached to the Fike equipment in an effort to warn the Fike employees.   (Please see Plaintiff's Exhibit "4").   Dr. Arndt's report is offered in contrast to and contradicts Dr. Myers' opinion with regard to the reactions of the workers to the alarms and warnings and Sun's understanding of the marketing materials provided by Fike.   The conclusions offered by Dr. Arndt with regard to FM compliance and the marketing promotional materials are in direct response to Plaintiff's expert opinions through Dr. Myers as well as their overall allegations as found in their Complaint.   Part of Dr. Arndt's opinion and testimony examined the expectations and knowledge of the Sun employees with regard to the promotional materials as well as Fike's explanation of the terms and conditions contained therein.

Defendants have long maintained that Sun did not consider the marketing materials in making a decision with regard to the Fike equipment based on the testimony of Sun's lead engineer, Robert Scheer.   Defendants also maintain and this case is not a NJCFA case but a products liability case instead.   See generally, Defendants Second Amended Motion to Dismiss (Dkt. 31).   Dr. Arndt's evaluation of the parties and witnesses in this action is critical to the defense's position on this issue.   Additionally, with the introduction of Dr. Myers' opinions with regard to the Sun employees' reactions concerning the warnings, Dr. Arndt's testimony and opinions are necessary to defend against Plaintiff's allegations.

### i. Steve Arndt is Qualified to Address Plaintiff's Position and His Report and Testimony Are Admissible

Plaintiff argues Dr. Arndt lacks the engineering qualifications necessary to render an opinion in this matter. A review of Dr. Arndt's CV demonstrates that he has a degree in industrial engineering as well as psychology with a post graduate degree in industrial engineering. Dr. Arndt has been providing expert analysis in human factors for over twenty years. (Please see Exhibit "B" at page 26, line 24).

At his deposition, Dr. Arndt testified with regard his experience with other dust collector cases. (Please see Exhibit "B" page 103, lines 4-8; page 102, lines 7-9). Throughout his report, Dr. Arndt refers to the Fike equipment and Plaintiff argues that because Dr. Arndt has not dealt specifically with suppression equipment he is unqualified to provide his opinion with regard to the same. The references Dr. Arndt draws from with regard to the suppression system come from his review of the significant documentation in this case and the factual disclosures that have become part of this matter. Dr. Arndt's reference to the system's functionality is entirely appropriate as he draws his knowledge from the review of the facts of this case as would any expert retained to provide an opinion in the case.

Plaintiff makes a further argument that Dr. Arndt should not be able to render an opinion with regard to NFPA 69 or 72 as he is not an active member of the NFPA. Active membership in the NFPA is not a prerequisite for the ability of an expert to opine on a subject. Notwithstanding, Dr. Arndt testified at his deposition that he has been involved in cases which involve NFPA 72 and he has dealt with the issue in the past. (Please see Exhibit "B" at page 124, lines 10-21). Additionally, Dr. Arndt testified that he read the standards with regard to NFPA 69 and, although he could not remember every issue to every case he has been involved with, he believed he may have been involved with NFPA 69 while assisting on dust collection

cases.  (Please see Exhibit "B" at page 101, line 24 through page 102, line 10).

Plaintiff also argues that Dr. Arndt should not be permitted to offer an opinion with regard to the acoustical findings in this case.  Dr. Arndt does not offer an opinion with regard to the findings in particular; however, he does offer an opinion with regard to the workers' reactions to the deficiencies alleged by Plaintiff's experts.   Dr. Arndt does not need a background in acoustical engineering to offer his opinion from a human factors perspective with regard to the reactions of the Sun employees to the same.  Although Plaintiff may disagree with Dr. Arndt's opinion, that is not the appropriate grounds to exclude Dr. Arndt's opinions instead Plaintiff is free to cross-examine Dr. Arndt.  Although Plaintiff's and their expert may take issue with Dr. Arndt's conclusions, these criticisms go the weight of Dr. Arndt's opinions and not towards the admissibility of the testimony.  Their issues are best addressed on cross-examination.  (Generally see, *Washington v. Kellwood Co.*, 105 F. Supp. 3d 293 (S.D.N.Y. 2015)).   In the *Washington* case, the court offered the following:

> The mere fact that an expert's testimony conflicts with the testimony of another expert or scientific study does not control admissibility.  See Fed. R. Evid. 702 advisory committee note (2000) ("When a trial court [**84] applying this amendment, rules that an expert's testimony is reliable, this does not necessarily mean that the contradictory expert testimony is unreliable.").  **If two contradictory expert opinions meet the requisite threshold of reliability, it is contrary evidence, and careful instruction on the burden of proof," to determine which is the more trustworthy and credible. Daubert, 509 U.S. at 596.**

105 F. Supp. 3d 293 (S.D.N.Y. 2015)

Additionally, Plaintiff argues that Dr. Arndt's opinions should be excluded as they go towards the "ultimate issue" in the case.  Dr. Arndt's opinion is just that, his opinion open to cross-examination by Plaintiff's counsel and acceptance or rejection by a jury should the case survive summary judgment.  As long as Dr. Arndt's opinions fit within the standards

7

promulgated by Fed. R. Evid. 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) and its progeny, Dr. Arndt's opinions are admissible.  Whether or not Plaintiff disagrees or the jury believes or disbelieves Dr. Arndt's opinions, is left for cross-examination.

The ultimate issues controversy is more appropriately used in criminal cases.  *U.S. v. Coles*, 558 F.2d App. 173 (3d Cir. PA 2014).  In *U.S. v. Coles*, the court found that "in a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense."  Those matters are for the trier of fact alone.  *Id. At 183* (citing Fed. R. Evid. 704(b)).  Although the "ultimate issue" controversy is usually an analysis for a criminal matter, Plaintiff argues its applicability in this case.

Assuming arguendo that the "ultimate issue" theory applies in this case, the court in *United States v. Green*, 2016 U.S. App. Lexis 20534, 15-16 (3d Cir. Pa. November 16, 2016), found that an expert may testify and offer his opinion as to the facts of a particular case or an ultimate issue in the case pursuant to Fed. R. Evid. 702 and 704.  The court did caution, however, that there must be a balancing of considerations when the expert offers this opinion.  *Id.*  The Supreme Court also addressed the issue when it stated Rules of Evidence 702-705 permit experts to testify in the form of an opinion, and without any exclusion of opinions on "ultimate issues."  *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169 (U.S. 1988).

Therefore, based on the case law and his analysis, Dr. Arndt's opinion with regard to the ultimate issues in this case is appropriate and should be allowed to proceed to a trier of fact if the case survives summary judgment.

  **ii. Steve Arndt's Opinions are Entirely Relevant to Plaintiff's Claims and Are Admissible**

   Plaintiff takes issue with Dr. Arndt's discussion of the system and "system failures" with regard to this matter.  Dr. Arndt was retained to speak to the differences found between the parties in this dispute and he does just that.  A central issue in this case was the operation and/or failure of Sun's dust collector system.  Dr. Arndt's discussion of the same is entirely relevant and should be submitted to a jury for evaluation.

   Dr. Arndt offers his opinion and interpretation of the meaning of "system failure."  Clearly, Plaintiff disagrees with Dr. Arndt's evaluation.  However, exclusion of Dr. Arndt's testimony is not appropriate to substantiate Plaintiff's disagreement.  The fact that Dr. Arndt disagrees with Plaintiff's position regarding the system failure does not meet the requisite threshold for exclusion.  The mere fact that an expert's testimony conflicts with the testimony of another expert or scientific study does not control admissibility.  *In re Omeprazole Patent Litig.*, 490 F. Supp. 2d 391, 412 (S.D.N.Y. 2007) (quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995)); see also Fed. R. Evid. 702, advisory committee's note ("[E]xperts sometimes reach different conclusions based on competing versions of the facts.  The emphasis in the [rule] on 'sufficient fats or data' is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other.").  *Lyman v. Pfizer, Inc.*, No. 2:09-cv-262, 2012 U.S. Dist. LEXIS 101150, at 22-23 (D. Vt. July 20, 2012).

   It is routinely the function of the fact finder, using "conventional devices at cross-examination, presentation of contrary evidence and careful instruction on the "burden of proof" to determine which position is more trustworthy and credible.  *Daubert* at 596 as cited by *Washington, Supra*.  Dr. Arndt, in his interpretation of Fike's marketing materials and the

"system failure" issue referred to the expectations and understandings of Sun employees in his report and deposition testimony.

In his report, Dr. Arndt cites to a July 9, 2012 email between Bob Scheer and another employee establishing Sun's attitude towards the marketing materials. (Please see Plaintiff's Exhibit "1" at page 18). Further, during his deposition testimony, Dr. Arndt cited to Chris McCollum's, another Sun employee, clear understanding from the documentation of what hazard was being protected by the Fike equipment. (Please see Exhibit "B" at page 69, line 19 through page 67, line 6). Plaintiff attempts to insinuate that Dr. Arndt only considered the position of the Fike employees with regard to the understanding of the marketing materials. Clearly this is erroneous as both his report and deposition testimony refer to the expectations and understanding of the Sun employees. Plaintiff argues that the "recipient of the communications," is the standard by which the NJCFA applies. Clearly, by virtue of his reference in his report and deposition testimony to the Sun employees' receipt of communications by Fike, Dr. Arndt has considered these facts in his evaluation under the NJCFA.

Reference to "system failure" has been a dispute between the parties as to the definition of the same throughout this case. Fike maintains it has never had a system failure and Sun disagrees. This could be a legitimate question for the jury should the case survive summary judgment and Dr. Arndt's discussion of the same should be left to cross-examination and evaluation by a trier of fact as prescribed by the cases and Rules of Evidences cited herein. As such, Dr. Arndt's testimony and report are appropriate and should not be excluded.

### iii. Steve Arndt's Opinions and Testimony Take Into Account All Relevant Facts and Challenges to His Opinion Are More Appropriate Through Cross-Examination Than Exclusion

Plaintiff complains that Dr. Arndt failed to consider certain facts when rendering his opinion on the impact of the warnings on the workers. Again, this issue is appropriate for cross-

10

examination and jury evaluation should the case survive summary judgment and is not appropriate for a Motion to Strike under the Rules of Evidence. Contradictory expert opinions and testimony does not render that expert's opinions unreliable. *Washington* at 326.

As part of his report, Dr. Myers opines on the effect the warning would have had on the workers. (Please see Plaintiff's Exhibit "4" at Section 2.6). In direct contrast to Dr. Myers' opinion, Dr. Arndt offers his opinion which is in disagreement with Dr. Myers. (Please see Exhibit "1" of Plaintiff's Motion at page 124, line 5-21). This disagreement is not grounds for exclusion as previously referenced in the former sections of this Brief.

In his deposition testimony, Dr. Arndt clearly explains the information he reviewed to prepare his report and testimony. His thorough analysis and review can hardly be categorized as "cherry picking" as suggested by Plaintiff. Although he may not have remembered every piece of paper he reviewed, which is entirely reasonable, he did explain in his report and testimony his extensive review of the documentation provided. This, again, is an instance where Plaintiff disagrees with the facts that Dr. Arndt felt were compelling which is no reason to exclude Dr. Arndt's opinions and testimony. See *Washington*. Plaintiff can adequately exercise their right to cross-examine Dr. Arndt regarding the disagreement between the conclusions. Plaintiff extensively refers to the deposition testimony and various articles they believe contradict Dr. Arndt's conclusions. Plaintiff is well within its rights to present this issue to Dr. Arndt on cross-examination and should the case survive summary judgment, a jury will evaluate the difference of opinion and render its determination. In short, disagreement does not result in exclusion.

## III.   CONCLUSION

Dr. Arndt's report and testimony provide expert analysis on the human factor issues in this matter. Dr. Arndt disagrees with Dr. Myers and correctly criticizes his findings. Based on

Dr. Arndt's background and experience, he is qualified as an expert in human factors and his opinion and testimony should be presented to the trier of fact to aid them in them evaluation of Plaintiff's case in chief.   Therefore, Mr. Arndt's report and testimony should be admissible for the foregoing reasons addressed in this Brief.   Defendants respectfully request the Court enter the attached Order denying Plaintiff's Motion to Exclude the Opinions of Steve Arndt.

Respectfully submitted,

**REILLY, JANICZEK, MCDEVITT,**
**HENRICH & CHOLDEN, P.C.**

By: _____
Gino P. Mecoli, Esquire
Suzanne I. Turpin, Esquire
Attorneys for Defendants, Fike
Corporation and Suppression
Systems Inc.

Dated: December 20, 2016

12